IRA R. COLLINS, PROSECUTOR, v. ARTHUR W. MAGEE, COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted October 4, 1938—Decided January 18, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Wilbur J. Bernard* and *Charles W. Carter.*

For the respondent, *David T. Wilentz* and *Harry A. Walsh.*

PER CURIAM.

The review is of the act of the Commissioner of Motor Vehicles in rejecting prosecutor from appointment to the force of inspectors of the Motor Vehicle Department.

So far as may be determined by an inspection of the eligible list certified to the commissioner by the Civil Service Commission a withholding of credits for military service would have put prosecutor far down in the list—possibly at about the four-hundredth place. But with the credits allowed by the 1937 Revision, 11:27-2 and 11:27-3, to a veteran with a record of disability prosecutor's position became No. 12 and was so certified. Appointments to the force were actually made to and beyond that number. The commissioner, after a personal interview with prosecutor, addressed this communication to the Civil Service Commission:

"Replying to your letter of July 23d, returning certification for the position of Motor Vehicle Inspector, I have to advise that I concluded—after a lengthy interview with Ira Collins—that he lacked the business capacity to fill the position of Motor Vehicle Inspector."

We think that that communication recorded a finding of fact and was, further, in legal effect, a certification of that finding, namely, that the prosecutor lacked the business capacity essential to one who would fill the position of motor vehicle inspector. Prosecutor argues that in point of fact the commissioner could not so find and that the statute (1937 Revision 11:27-4) gives a presumption of capacity. A degree of discretion is lodged in an appointing official with respect to the business qualifications and fitness of a candidate certified by the Civil Service Commission. The statute is not conclusive. *McGlinchey* v. *Martin*, 12 *N. J. Mis. R.* 188; *Edell* v. *McDermott*, 11 *Id.* 272. See, also, *Horowitz* v. *Civil Service Commission*, 12 *Id.* 190; *affirmed*, 112 *N. J. L.* 499, and *Jones* v. *Orlando*, 119 *Id.* 227. The record does not, in our opinion, disclose an abuse of that discretion.

If we are correct thus far, it follows that prosecutor, in failing of the appointment, was not deprived of any of his constitutional rights.

The writ of *certiorari* will be dismissed, without costs.